IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BETTY NELSON o/b/o
J.N.[1], a minor                                                          PLAINTIFF

v.                      CIVIL NO. 18-2042

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Betty Nelson, brings this action on behalf of her minor granddaughter, J.N., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) finding J.N. is no longer entitled to disability benefits under the provisions of Title XVI of the Social Security Act as of February 1, 2015, due to medical improvement.

Plaintiff protectively filed the application for SSI on behalf of her minor granddaughter J.N. on January 26, 2011. (Tr. 207). J.N. was found to be disabled as of August 23, 2011. (Tr. 52). Pursuant to the continuing disability review process, J.N. was determined to no longer be disabled as of February 1, 2015. (Tr. 108-110, 126-149). Plaintiff appealed this determination.

---

[1] The pleadings filed by Plaintiff's counsel include the full name of a minor. The Administrative Policies and Procedures Manual adopted by this Court states that sensitive information in any document filed with the Court should not be included unless such information is necessary and relevant to the case. See Administrative Policies and Procedures Manual for Civil and Criminal Filings, at www.arwd.uscourts.gov. This "sensitive information" includes the full name of minors. The Clerk of the Court is directed to seal the documents that contain the full name of the minor child. (Docs. 1, 2, 3, 7, 9, 10, 11, 12, 16). Plaintiff's counsel is directed to refile the documents with the initials of the minor child.

1

An administrative hearing before the ALJ was held on May 11, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 76-106). J.N. also testified at the hearing.

In a written decision dated August 16, 2016, the ALJ indicated that J.N. was found disabled as of August 23, 2011, which is known as the "comparison point decision" or CPD. (Tr. 55). At the time of the CPD, the ALJ found that J.N. had the following medically determinable impairments: an anxiety disorder and selective mutism. (Tr. 55). The ALJ found Plaintiff was a school-aged child as of February 1, 2015. (Tr. 57). The ALJ found since February 1, 2015, J.N. had the following severe impairments: attention-deficit/hyperactivity disorder (ADHD), combined type; attention deficit disorder (ADD), inattentive type; oppositional defiant disorder; adjustment disorder with mixed disturbance of emotions and conduct; and amaurosis of the left eye. (Tr. 61-62). However, the ALJ further found that as J.N. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment, J.N. was not disabled. (Tr. 62-68).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence, denied that request on January 10, 2018. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and this case is before the undersigned pursuant to the consent of the parties. (Docs. 5, 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

2

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 24th day of January 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE